**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5059**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

DOMINIQUE J. FIELDS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:09-cr-00150-RLW-1)

Submitted:  September 15, 2010      Decided:  September 20, 2010

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Robert J.
Wagner, Assistant Federal Public Defender, Richmond, Virginia,
for Appellant.  Neil H. MacBride, United States Attorney,
Jessica A. Brumberg, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique J. Fields entered a conditional guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2006), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Fields preserved his right to challenge the district court's denial of his motion to suppress evidence seized as a result of an investigative stop and frisk. On appeal, Fields argues that the district court erred in denying his motion to suppress because the officers did not have reasonable articulable suspicion that he was engaged in criminal activity. Finding no error, we affirm.

In reviewing the district court's ruling on a motion to suppress, we review the district court's findings of fact for clear error and its determination of reasonable suspicion de novo. United States v. Perry, 560 F.3d 246, 251 (4th Cir.), cert. denied, 130 S. Ct. 177 (2009). When the district court has denied a motion to suppress, we construe the evidence in the light most favorable to the government. United States v. Black, 525 F.3d 359, 364 (4th Cir.), cert. denied, 129 S. Ct. 182 (2008).

Consistent with the Fourth Amendment, an officer may conduct a brief investigatory stop when there is reasonable suspicion based on articulable facts that criminal activity is

2

afoot. Illinois v. Wardlow, 528 U.S. 119, 123 (2000). In connection with such a stop, if presented with a reasonable belief that the person may be armed and presently dangerous, an officer may conduct a protective frisk. Adams v. Williams, 407 U.S. 143, 146 (1972); United States v. Mayo, 361 F.3d 802, 806-07 (4th Cir. 2004).

Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known to the officers and any reasonable inferences to be drawn at the time of the stop. United States v. Sokolow, 490 U.S. 1, 8 (1989). Reasonable suspicion may exist even if "each individual factor 'alone is susceptible of innocent explanation.'" Black, 525 F.3d at 365 (quoting United States v. Arvizu, 534 U.S. 266, 277 (2002)). The reasonable suspicion determination is a "commonsensical proposition," and deference should be accorded to police officers' determinations based on their practical experience. United States v. Foreman, 369 F.3d 776, 782 (4th Cir. 2004). Our review of the record leads us to conclude that the district court correctly found that reasonable suspicion justified the stop and frisk of Fields. The district court thus properly denied Fields' motion to suppress.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED